UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

EDWARD GORDON NEWHOUSE,

        Petitioner,

v.

DANIEL LESATZ,

        Respondent.
_____/

Case No. 2:18-cv-82

Honorable Paul L. Maloney

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

## Discussion

### I. Factual allegations

Petitioner Edward Gordon Newhouse is incarcerated with the Michigan Department of Corrections at the Baraga Correctional Facility (AMF) in Baraga, Baraga County, Michigan. Plaintiff was found guilty of assault with intent to rob while armed, armed robbery, and felony firearm arm following a jury trial. On August 29, 2016, the court sentenced Petitioner to 51 to 85 months imprisonment.

On June 13, 2018, Petitioner filed his habeas corpus petition. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner has not supplied that date. Petitioner signed his application on June 7, 2018. (Pet., ECF No. 1, PageID.40.) The petition was received by the Court on June 13, 2018. I have given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

The petition raises 12 grounds for relief which all assert that he was actually innocent of the crime and was a victim of mistaken identity, as follows:

1. Actual innocence based on the fact that fingerprints and DNA at scene did not match Petitioner.

2. Actual innocence based on the fact that none of the victims identified Petitioner as the perpetrator.

3. Actual innocence based on the fact that none of the victims wanted to press charges against Petitioner.

4. Actual innocence based on the fact that Petitioner passed a polygraph with "flying colors."

5. Three cases against Petitioner, which involved three separate crimes, were all combined for one trial. This resulted in confusing the jury and denied Petitioner a fair trial.

6. Petitioner claims that prosecutor slandered and defamed him.

7. Police and the prosecutor mischaracterized the evidence found in Petitioner's car.

8. Petitioner is a diabetic and suffers from PTSD. Police held Petitioner for hours without being given food so that they could question him. Consequently, Petitioner became confused during the questioning and falsely admitted to a crime he did not commit.

9. Petitioner states that a map used by the prosecution at trial contained false information, which prejudiced Petitioner at trial.

10. Petitioner asserts that the vehicle used by the perpetrator, as seen in the video from the crime scene, does not match the vehicle owned by Petitioner.

11. Petitioner asserts that he was in the wrong place at the wrong time, and that his arrest was merely a case of mistaken identity.

12. Petitioner asserts that he did not have a motive for the crime.

(Pet., ECF No.1, PageID.6-36.)

## II. Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275-77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal

claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen v. Perini*, 424 F.2d 134, 138-39 (6th Cir. 1970).

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner alleges that he filed a direct appeal in both the Michigan Court of Appeals and the Michigan Supreme Court. Petitioner's appeal was denied at each level. Petitioner states that he did not raise the issues being asserted in the instant petition in his direct appeal. It does not appear as if Petitioner has filed a motion for relief from judgment in the state court.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application. He may file a motion for relief from judgment under Mich. Ct. R. 6.500 *et seq.* Under Michigan law, one such motion may be filed after August 1, 1995. Mich. Ct. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy. To properly exhaust his claim, Petitioner must file a motion for relief from judgment in the Kalamazoo County Circuit Court. If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *O'Sullivan,* 526 U.S. at 845; *Hafley,* 902 F.2d at 483 ("'[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the

Michigan Supreme Court.'") (citation omitted).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on May 1, 2018. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on July 30, 2018. Accordingly, absent tolling, Petitioner would have one year, until July 30, 2018, in which to file his habeas petition. Petitioner filed the instant petition on June 13, 2018, before the period of limitations even began to run. Therefore, Petitioner has ample time to file his motion for relief from judgment in the state court in order to exhaust the issues being asserted in the instant petition. Consequently, the Court will dismiss the instant petition without prejudice for failure to exhaust state court remedies.

Dated: October 10, 2018  /s/ Paul L. Maloney
  Paul L. Maloney
  United States District Judge